Case 39.                     Warner *vs.* Turner.

ORD. PET.               APPEAL FROM MONTGOMERY CIRCUIT.

1. The right of a plaintiff may be transferred pending the action, and the suit progress as brought, or the name of the assignee substituted for that of the plaintiff, &c. (*Civil Code, sec.* 32.)
2. Where a right of action is assigned pending the suit, and the assignee substituted for the plaintiff, and the court is satisfied with the solvency of the assignee, and requires no security for costs, and the defendant does not object to the action of the court when done he will not be heard in this court.
3. An assignor of a cause of action in a suit pending without recourse is a competent witness for his assignee.

[The facts of the case appear in the opinion of the court. REP.]

*K. Farrow*, for appellant—

1. The circuit judge should have sustained the exceptions to the depositions of the Porters. The Code, when properly understood, does not, either in

letter or spirit, sustain the court. The language is "or the court may permit the assignee to be substi-'tuted in the action, proper orders being made as to 'security for costs." The original plaintiffs would, be bound for their own costs, as also for the defendants, if defeated in the action. Prior to this provision of the Code the assignee had the right to use the name of the original obligee to recover the debt, where there was no written assignment, but the assignor may compel the assignee to save him harmless against the costs of suit. The codefiers did not intend, under this section, to authorize the defendant to demand the costs of the assignee. The intention was to give the court the power to compel the purchaser to give the plaintiff a bond of indemnity before proceeding in the suit, and not to release the original plaintiff. (*Sections* 42, 43, *and* 44, *chap.* 2, *page* 13.) It is expressly said "who shall be 'discharged from all liability to either of the other 'parties." Why declare it in the one case and leave it to inference in the other.

*T. Turner*, for appellee—.

1. The depositions of the Porters were properly admitted; they had assigned without recourse, and by the substitution of Turner in their stead, as plaintiff, they were not liable for costs.

2. The appellant did not demur, though present when the order was made, to the substitution, nor require surety to be given for the costs.

3. The proof in the case shows that the judgment is right, and an affirmance is respectfully asked.

Judge STITES delivered the opinion of the court.                     Jan. 25, 1858.

The Porters sued Warner on two notes transferred to them by Haden. During the pendency of the action the plaintiffs transferred and assigned the notes sued on to Thomas Turner, without recourse. Afterwards, on Turner's motion, and without any

objection on the part of appellant, the following order was made:

"On motion of Thomas Turner he is substituted 'in the record as plaintiff in each of these causes, 'upon condition that he be responsible for all costs, 'past and future, and that henceforth these two 'causes be docketed in the name of said Turner, and 'the costs charged to him. The court being satis-'fied as to the solvency of said Turner, no security 'is required of him."

Subsequent to this order Turner took the depositions of the Porters to be read on the trial of the causes. They were objected to as incompetent, but the objection was overruled, and an exception taken; and judgment having been rendered for Turner, Warner has appealed.

The only point relied on for reversal is the decision of the circuit court admitting the depositions of the Porters; and this, we think, cannot avail for that purpose.

The Civil Code of Practice provides that, "where 'the right of the plaintiff is transferred or assigned 'during the pendency of the action, it may be con-'tinued in his name, or the court may allow the per-'son to whom the transfer or assignment is made to 'be substituted in the action, proper orders being 'made as to the security for costs." Civil Code, 32.)

1. The right of a pl'tiff may be transferred pending the action, and the suit progress as bro't or the name of the assignee substituted for that of the pl'tiff, &c. (Civ. Code, sec. 32.)

The manifest object of this provision was to facilitate the transfer and assignment of notes and other choses in action, on which suits have been brought, and to enable the assignee to assume all the rights as well as the obligations and liabilities of his assignor. But in accomplishing this purpose due regard is paid to the rights of defendants in such actions, by requiring of the court all "proper orders as to security for costs." It was never contemplated that the provision would be perverted to improper purposes by a construction that would enable a plaintiff, at his option, to shift from his own shoulders any responsibility he had incurred for costs, to

an irresponsible or insolvent assignee, and thus deprive the defendant of a judgment against the former; nor do we think it fairly susceptible of such construction; nor has it, in our opinion, been made to operate in that way in the present case.

The order authorizing the substitution appears to have been made without objection, and seems to have had in view the protection of the appellant from any loss resulting from a change of plaintiffs. It makes Turner responsible for past and future costs, and, being satisfied as to his solvency, the court dispensed with security. It must be assumed, from the failure of appellant to object to this order, that it was made with his assent, and the effect of such assent was a waiver on his part of all claim upon the original plaintiff for costs, and an implied agreement to look to Turner alone, who would certainly have been directly responsible.

The effect of the order thus made was to release the Porters from all liability for costs, and inasmuch as their assignment to Turner was without recourse, no perceivable objection then remained to their competency as witnesses, and we think the exceptions were properly overruled.

Wherefore, the judgment is *affirmed*.

2. Where a right of action is assigned pending the suit, and the assignee substituted for the pl'tiff, and the court is satisfied with the solvency of the assignee, and requires no security for costs, and def't does not object to the action of the court when done, he will not be heard in this court.

3. An assignor of a cause of action in a suit pending without recourse is a competent witness for his assignee.